UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:20-cr-7 |
| v. ) | Judge McDONOUGH |
| ) | Magistrate Judge LEE |
| DONALD WHITE ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Donald White ("the defendant" or "White"), and the defendant's attorney, A. Christian Lanier, III, have agreed upon the following:

1. The defendant agrees that he will waive indictment by the Grand Jury and plead guilty to an Information charging the following offenses:

   (a) **Count One**: Conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

   The punishment for this offense is as follows. The defendant faces a statutory maximum penalty of 20 years' imprisonment; a maximum $250,000 fine; up to three years' supervised release; any lawful restitution and forfeiture as appropriate; and a mandatory special assessment.

   (b) **Count Two**: Interstate transportation of stolen property, in violation of 18 U.S.C. § 2314.

   The punishment for this offense is as follows. The defendant faces a statutory maximum penalty of 10 years' imprisonment; a maximum $250,000 fine; up to three years' supervised release; any lawful restitution and forfeiture as appropriate; and a mandatory special assessment.

2. There are no remaining counts to be dismissed.

3. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty.

In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

### Count One (Conspiracy to Commit Wire Fraud):

a. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit a fraud crime listed in Title 18, Chapter 63, of the United States Code, as charged in the Information; and

b. The defendant knew the unlawful purpose of the plan and willfully and voluntarily joined in it.

### Count Two (Interstate Transportation of Stolen Property):

a. The defendant transported or caused to be transported in interstate commerce items of stolen property as described in the Information;

b. At the time of such transportation, the defendant knew that the property had been stolen; and

c. The items had a value of $5,000 or more.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which the defendant admits satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) Beginning in or about November 2018, the defendant and his coconspirators devised a scheme by which they would steal vehicles, equipment, and other items and sell them for profit.

Specifically, from November 2018 through the date of his arrest, the defendant traveled with Miranda Jones and Christopher Gay throughout the South and Mid-Atlantic regions while executing the fraudulent scheme described in the Information.

(b) On or about December 3, 2018, a coconspirator stole a Thor motor coach from an RV sales lot in Sevierville, Tennessee, which is located in the Eastern District of Tennessee. That motor coach was valued at approximately $276,000. The defendant traveled in this stolen motor coach – crossing state lines on various occasions – throughout the duration of the conspiracy charged in the Information. The defendant admits that, knowing the motor coach was stolen, he and his coconspirators, aided and abetted by one another, transported the motor coach across state lines, including from the State of Tennessee – specifically, the Eastern District of Tennessee – to the Commonwealth of Virginia.

(c) As one specific example of an overt act in furtherance of the conspiracy, on or about November 30, 2018, the defendant and coconspirators stole a cargo trailer from a business in the Eastern District of Tennessee. The trailer contained a number of tools, leather goods, and equipment. Shortly after stealing the trailer and its contents, as alleged in the Information, the defendant and his coconspirators posted advertisements of its contents to www.craigslist.org, an online marketplace/forum based in the Northern District of California. The defendant and coconspirators fraudulently sold the items, withholding the manner in which they were obtained, and falsely purporting to have legal title sufficient to legitimize the sale.

(d) As another example of an overt act in furtherance of the conspiracy charged in the Information, on or about January 22, 2019, the defendant and coconspirators stole a Kubota "zero turn" mower and a Kubota sub-compact tractor from a business in White Pine, Tennessee, which is located in the Eastern District of Tennessee. The defendant and coconspirators caused these items

Page 3 of 11

Case 4:20-cr-00007-TRM-SKL   Document 2   Filed 04/27/20   Page 3 of 11   PageID #: 8

to be listed on www.craigslist.org, through which they effected the items' sale. Again, the defendant and coconspirators fraudulently withheld the source of the items sold, falsely purporting to have legal title sufficient to legitimize the sale.

(e) The parties agree that, for purposes of calculating the advisory range pursuant to the United States Sentencing Guidelines, the United States could present proof sufficient to establish a loss amount of more than $550,000 but less than $1,500,000.

(f) As a component of this plea agreement, the defendant specifically admits that he, along with codefendants Miranda Jones and Christopher Gay, stole equipment, vehicles, and other items; listed the stolen goods for sale using interstate wire communications; fraudulently concealed the stolen items' origins; and sold the items for a profit.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

(a) the right to plead not guilty;

(b) the right to a speedy and public trial by jury;

(c) the right to assistance of counsel at trial;

(d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e) the right to confront and cross-examine witnesses against the defendant;

(f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

(g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

(a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

(b) The Court will impose special assessment fees as required by law; and

(c) The Court may order forfeiture as applicable and restitution as appropriate. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offense(s).

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move,

at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that constitutes or is derived from proceeds traceable to an offenses in violation of 18 U.S.C. §§ 1349 and/or 2314.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees to pay all fines, restitution, and/or money judgment imposed by the Court to the Clerk of Court and/or the United States Marshals Service. The defendant also agrees that the full fine, restitution and/or money judgment amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine, restitution, and/or money judgment. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The

defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following: The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

13. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any

local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

[SIGNATURES ON FOLLOWING PAGE]

|  |  |
|---|---|
|  | J. DOUGLAS OVERBEY<br>UNITED STATES ATTORNEY |
| 27 APR 2020<br>Date | By: _____<br>Kyle J. Wilson<br>Assistant United States Attorney |
| 4/20/2020<br>Date | _____<br>Donald White<br>Defendant |
| April 25, 2020<br>Date | _____<br>A. Christian Lanier, III<br>Attorney for the Defendant |